MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: CAROLINA A. FORNOS
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Telephone: (212) 637-2740
Facsimile: (212) 637-2702

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -x
                                      :   ECF CASE
UNITED STATES OF AMERICA,             :
                                      :
          Plaintiff,                  :   COMPLAINT
                                      :
     v.                               :   07 Civ. 9890__
                                      :   (WCC)(LMS)(WP)
MONTICELLO, NEW YORK, VILLAS          :
LIMITED PARTNERSHIP, JOHN DOES        :
NOS. 1-10 and JANE DOES NOS. 1-10,    :
                                      :
          Defendants.                 :
                                      :
- - - - - - - - - - - - - - - - - - -x

Plaintiff, United States of America ("the United States" or "the Government"), by and through its attorney, Michael J. Garcia, United States Attorney for the Southern District of New York, for its complaint herein alleges upon information and belief as follows:

INTRODUCTION

1.  This is an action brought by the United States to foreclose on two Mortgages on property located in the Village of Monticello, Town of Thompson, County of Sullivan and State of New York, within the Southern District of New York.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1345.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b), in that the property is located within the Southern District of New York.

## THE PARTIES

4. The Rural Housing Service ("RHS") is an agency of the United States, on behalf of which the United States of America brings this action.

5. Defendant Monticello, New York, Villas Limited Partnership ("Borrower") is a limited partnership under the Partnership Laws of New York State with the address 9 Genesee Park, Geneva, New York 14456, and an additional address of 180 South Washington Street, Suite 200, Falls Church, Virginia 22046.

6. John Does Nos. 1-10 and Jane Does Nos. 1-10 may be persons or parties in possession of, having, or claiming an interest in or lien on the premises.

## FACTS AND CLAIMS OF RELIEF

7. On or about March 9, 1987, Borrower executed and delivered a secured promissory note to RHS in the principal amount of $1,499,890.00, plus interest at the rate of 8.50% annually ("the 1987 Note"). A true and correct copy of the 1987 Note is attached hereto as Exhibit A.

8. On March 9, 1987, to secure payment of the 1987 Note, Borrower also executed and delivered a Real Estate Mortgage ("the 1987 Mortgage") with the 1987 Note in favor of RHS covering property described therein (the "Mortgaged Property"). The 1987 Mortgage was recorded on March 12, 1987, in the Sullivan County Clerk's Office, in Liber No. 1265 of Mortgages at Page 335. A true copy of the 1987 Mortgage is attached hereto as Exhibit B.

9. To correct the description of the promissory note contained in the 1987 mortgage, on or about January 27, 1988, Borrower executed and delivered a Real Estate Mortgage ("the Superceding Mortgage") which supersedes the 1987 Mortgage. As stated in the Superceding Mortgage "This mortgage is not being taken to secure a new debt, but to correct the description of the promissory note contained in the mortgage being corrected." The 1988 Mortgage was recorded on February 2, 1988, in the Sullivan County Clerk's Office, in Liber No. 1347 of Mortgages at Page 15. A true copy of the Superceding Mortgage is attached hereto as Exhibit C.

10. On or about January 27, 1988, Borrower executed and delivered a secured promissory note to RHS in the principal amount of $57,302.00, plus interest at the rate of 9.00% annually ("the 1988 Note"). A true and correct copy of the 1988 Note is attached hereto as Exhibit D.

11. On January 27, 1988, to secure payment of the 1988 Note, Borrower also executed and delivered a Real Estate Mortgage ("the 1988 Mortgage") with the 1988 Note in favor of RHS covering the Mortgaged Property, described therein. The 1988 Mortgage was recorded on February 2, 1988, in the Sullivan County Clerk's Office, in Liber No. 1347 of Mortgages at Page 24. A true copy of the 1988 Mortgage is attached hereto as Exhibit E.

12. Hereinafter, the 1987 Note and the 1988 Note will be referred to, collectively, as "the Notes" and the 1987 Mortgage, the Superceding Mortgage and the 1988 Mortgage will be referred to, collectively, as "the Mortgages."

13. The Notes and the Mortgages required Borrower to pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the Mortgaged Property, and to keep the Mortgaged Property insured. The Mortgages further provided that in the event of a default in making such payments, the Government was authorized to make such payments as advances for the account. Pursuant to the terms of the Mortgages, such advances together with the interest thereon are immediately due and payable by Borrower to the Government, without demand, and are secured by the Mortgages.

14. On or about January 16, 2007, a notice of default and demand letter was sent to Borrower via certified mail. A total of four copies of the letter were sent. One was addressed

to Steven Gaskins III, General Partner, Monticello NY Villas LP in McLean, Virginia; another was addressed to Steven Gaskins III, General Partner, Monticello NY Villas in Springfield, Virginia; another was addressed to Thomas B. Marshall, General Partner, Monticello NY Villas LP, in Eudora, Arkansas; and another was addressed to Thomas B. Marshall, General Partner, Monticello NY Villas LP in McLean, Virginia.  Other than the mailing address, each letter is identical.  In that letter, RHS advised Borrower that due to the continued failure to make the required mortgage payments, and in accordance with the terms of the Mortgages and Notes, the indebtedness due on the Notes was accelerated and deemed to be immediately due and payable.  True and correct copies of the January 16, 2007 letters are annexed hereto as Exhibit F.

15.    Despite the demands for payment, Borrower has failed to make the installment payments required by the Notes and the Mortgages, or otherwise made payments sufficient to render the loan current.  On account of Borrower's default, the entire outstanding balance of principal and interest is now due.

16.    The Borrower further failed to make the necessary tax and/or insurance payments on the Mortgaged Property, thereby requiring the United States to advance such payments to protect its interest.

17.  As of October 31, 2007, Borrower was justly indebted to the United States as follows:

|  | 1987 Note | 1988 Note |  |
|---|---|---|---|
| Principal | $1,469,714.39 | $56,260.95 |  |
| Interest | $156,008.76 | $11,616.46 |  |
| Total | $1,627,710.15 | $67,877.41 | **$1,693,590.56** |

Interest continues to accrue on the principal balance at rate of 8.50% annually on the 1987 Note and 9.00% annually on the 1988 Note.

18.  In order to protect its security interest, the United States may be compelled, during the pendency of this action, to pay taxes, assessments, water or sewer rates, water charges, insurance premiums, and any other charges affecting the premises.  Plaintiff requests that any sums so paid be added to the sum otherwise due, be deemed secured by the Mortgages, and adjudged a valid lien on the premises herein described.

19.  Paragraph 21 of the Mortgages provides, "Should the Borrower DEFAULT on any of its obligations under any Loan Instrument, merge, dissolve, be declared bankrupt or insolvent, or make an assignment for the benefit of creditors, without Notice the Government may (a) accelerate the entire indebtedness secured by this instrument by declaring it immediately due and payable; (b) charge the Borrower's account for any reasonable

expenses which the Government may pay or incur to maintain and repair the Property;(c) process, operate and rent the Property; (d) have a receiver appointed for the Property who may exercise the usual powers of receivers in similar cases; (e) foreclose this and any other Loan Instrument and sell the Property; (f) enforce any and all other rights and remedies provided in the Loan Instruments or by future or present laws."

      20.  No other action has been commenced at law or otherwise for the recovery of the sum, or any part thereof, secured by the Note and Mortgage.

      WHEREFORE, plaintiff, United States of America, respectfully requests that the Court:

      (a) enter judgment holding Monticello New York Villas LP in default on the Notes and Mortgages;

      (b)  adjudicate the amount due plaintiff on the Notes and Mortgages;

      (c) enter judgment ordering that the named defendants, and all other persons whose claims are subsequent to or recorded after the filing of notice of pendency of this action in the office of the Clerk of Sullivan County in the State of New York, be forever barred and foreclosed from all right, title, claim, lien or other interest in the Mortgaged Property;

      (d)  enter an order directing the foreclosure and sale of the Mortgaged Property with the proceeds to be first applied

to pay the liens of taxing authorities entitled to priority, if any, and thereafter to amounts due plaintiff under the Notes and Mortgages, with interest to the date of payment, plus costs and disbursements of this action;

    (e) appoint a receiver to manage the Mortgaged Property and to collect rents and income pending foreclosure and sale; and

    (f) order such further relief as the Court may deem just.

Dated:    New York, New York
            November 7, 2007

                              MICHAEL J. GARCIA
                              United States Attorney
                              Southern District of New York
                              Attorney for the United States
                              of America

                         By:/s/_____
                            CAROLINA A. FORNOS
                            Assistant United States Attorney
                            86 Chambers Street
                            New York, New York  10007
                            Telephone: (212) 637-2740
                            Facsimile: (212) 637-2702