MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: CAROLINA A. FORNOS
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel. No.: (212) 637-2740
Fax No.: (212) 637-2702
Email: carolina.fornos@usdoj.gov

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
UNITED STATES OF AMERICA,

               Plaintiff,

               v.

MONTICELLO, NEW YORK, VILLAS
LIMITED PARTNERSHIP, JOHN DOES NOS.
1-10, and JANE DOES NOS. 1-10,

               Defendants.
------------------------------------------------------------ x

**ECF CASE**

**CONSENT JUDGMENT OF
FORECLOSURE AND SALE AND
FOR THE APPOINTMENT OF A
TEMPORARY RECEIVER**

07 Civ. 9890 (WCC) (LMS)

Sullivan County Index No. 2007-0168

WHEREAS, the above-captioned action, commenced on November 8, 2007, with the filing of the Complaint and issuance of a Summons, seeks to foreclose on two mortgages on real property located in the Village of Monticello, Town of Thompson, County of Sullivan and State of New York, within the Southern District of New York (the "Mortgaged Property");

WHEREAS, on November 20, 2007, Defendant Monticello, New York, Villas Limited Partnership ("Monticello") was served with the Summons and Complaint through its agent for service of process, Alaine T. Espenscheid, Esq., and proof of service was filed with the Clerk of Court on February 21, 2008;

WHEREAS, the United States has been in contact with Monticello, and Monticello has confirmed receipt of the Summons and Complaint, and further stated that it does not contest this foreclosure action;

WHEREAS, the Complaint, and its accompanying Exhibits, set forth, that:

1. On or about March 9, 1987, Monticello executed and delivered a secured promissory note to the Rural Housing Service, an agency of the United States (the "United States") in the principal amount of $1,499,890, plus interest at the rate of 8.50% annually (the "1987 Note");

2. On or about March 9, 1987, to secure payment of the 1987 Note, Monticello also executed and delivered a Real Estate Mortgage (the "1987 Mortgage") with the 1987 Note in favor of the United States covering property described therein, the Mortgaged Property, and the 1987 Mortgage was recorded on March 12, 1987, in the Sullivan County Clerk's Office, in Liber. No. 1265 of Mortgages at Page [3]35;

3. To correct the description of the promissory note contained in the 1987 Mortgage, on or about January 27, 1988, Monticello executed and delivered a Real Estate Mortgage (the "Superceding 1987 Mortgage") which supercedes the 1987 Mortgage. The Superceding 1987 Mortgage was recorded on February 2, 1988, in the Sullivan County Clerk's Office, in Liber. No. 1347 of Mortgages at Page 15;

4. On or about January 27, 1988, Monticello executed and delivered a secured promissory note to the United States in the principal amount of $57,302.00, plus interest at the rate of 9.00% annually (the "1988 Note");

2

5. On January 27, 1988, to secure payment of the 1988 Note, Monticello also executed and delivered a Real Estate Mortgage (the "1988 Mortgage") with the 1988 Note in favor of the United States covering the Mortgaged Property, and the 1988 Mortgage was recorded on February 2, 1988, in the Sullivan County Clerk's Office, in Liber. No. 1347 of Mortgages at Page 24;

6. Monticello is in default on the Superceding 1987 Mortgage and the 1988 Mortgage, and the 1987 Note and 1988 Note, for failure to make payments of principal and interest thereon, although the United States has duly demanded payment thereof;

7. The United States has now exercised its right under the Superceding 1987 Mortgage and the 1988 Mortgage, declaring the entire amount of the 1987 Note and 1988 Note due and payable;

8. As of March 17, 2008, Monticello was justly indebted to the United States on the 1987 Note for the principal amount of $1,469,714.39, plus unpaid accrued interest in the amount of $146,646.33, with unpaid late fees of $650.09, for a total of $1,617,010.81, with interest continuing to accrue at a rate of 8.50% annually and a daily accrual rate of $92.25;

9. As of March 17, 2008, Monticello was justly indebted to the United States on the 1988 Note for the principal amount of $56,260.95, plus unpaid accrued interest in the amount of $10,809.57, with unpaid late fees of $26.10, for a total of $67,096.62, with interest continuing to accrue at a rate of 9.00% annually and a daily accrual rate of $3.62;

3

AND WHEREAS, the United States has incurred costs in the amount of $1,405.00 in pursuing this matter, which includes $500 for the Mortgage Foreclosure Guarantee, $245 for filing a notice of pendency, and $110.00 for service of the pleadings, and the statutory allowance of $550.00 for foreclosure costs under sections 8302(b), 8302(d) and 8303(a)(1) of the New York Civil Practice Law and Rules; and

WHEREAS, a notice of pendency containing all of the particulars required by law was duly filed in the office of the Clerk of Sullivan County on January 18, 2008;

NOW, THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED, upon consent of the United States of America and Monticello, New York, Villas Limited Partnership, and upon review by this Court, that:

## **AMOUNTS OWED**

1. Plaintiff shall have judgment herein for a total of $1,617,010.81 for amounts justly owed on the 1987 Note, and for a total of $67,096.62 for amounts justly owed on the 1988 Note as of March 17, 2008, with interest on the 1987 Note accruing at the daily rate of $92.25 and $3.62 on the 1988 Note to the date of entry of judgment and, thereafter, at the legal rate; and

2. Plaintiff shall have judgment herein for the sum of $1,405.00, as taxed by the Court for the costs and disbursements of Plaintiff in this action, and, to the extent incurred, Plaintiff shall be compensated for any advances made for taxes, insurance or any other expenses necessary to maintain the premises pending the foreclosure sale of the Mortgaged Property;

## CONSOLIDATION OF MORTGAGES AND FORECLOSURE

3. The Superceding 1987 Mortgage and the 1988 Mortgage on the Mortgaged Property are both hereby consolidated and foreclosed due to Monticello's default. The Mortgaged Property, as described in Exhibits C and E of the Complaint, shall be sold, free and clear of all right, title and interest of each and all of the Defendants named in this action and all persons claiming under them or after the filing of the notice of pendency in this action in the Office of the County Clerk, Sullivan County, under Index No. 2007-0168, subject to any zoning ordinances, regulations of various governmental authorities having jurisdiction over the premises, assessments, water and sewer charges, covenants and restrictions of record, and statement of facts that an accurate survey or a personal inspection of the premises would disclose, in one parcel, at public auction, to be held at the front door of the Sullivan County Courthouse, Broadway and Bank Streets, Monticello, New York, in accordance with the rules and practices of this Court and the provisions of 28 U.S.C. §§ 2001 and 2002, under the direction of the United States Marshal for the Southern District of New York or his representative, who is hereby appointed Master for that purpose; and that said Master give public notice of the time and place of said sale according to federal law and the practice of this Court by advertising in the Sullivan edition of the *Times Herald Record*, a daily newspaper; and

## APPOINTMENT OF A TEMPORARY RECEIVERSHIP

4. Pending the sale of the Mortgaged Property, Belmont Management Co., Inc., located at 215 Broadway, Buffalo, New York, 14204, shall be appointed Temporary Receiver in this action, with the usual powers and directions, for the purpose of collecting and preserving

the Mortgaged Property for the benefit of its creditors and managing the Mortgaged Property until it can be sold pursuant to this Stipulation and Order. Belmont Management Co. Inc., shall thus be authorized to:

A. Demand, collect and receive rents and fees now due and unpaid or hereafter to become due from occupants, tenants and/or licensees in possession of the Mortgaged Property, as well as institute and carry on all legal proceedings necessary for the protection of the Mortgaged Property;

B. Make any reasonable and necessary ordinary repairs and necessary maintenance on the Mortgaged Property;

C. Obtain the books and records from the present management company and/or Monticello and make copies of any records relating to the Mortgaged Property necessary for the performance of its obligations;

D. Establish bank accounts with one or more banks insured by the Federal Deposit Insurance Corporation in which to deposit receivership funds; and

## SALE OF MORTGAGED PROPERTY AND PROCEEDS OF SALE

5. The United States Marshal for the Southern District of New York, or his representative, shall execute and deliver to the purchaser a deed of the premises sold upon the purchaser having complied with the terms of sale, and the proceeds of such sale shall be deposited with the Clerk and paid out by the Clerk in the order set forth below until the proceeds are exhausted:

A. To the liens of taxing authorities entitled to priority, if any;

    B.    To the United States Marshal for the Southern District of New York, for the costs and expenses incurred by him in connection with the sale of the Mortgaged Property and advertising expenses;

    C.    To the United States of America, the costs and disbursements of this action of $855, plus (i) an additional allowance of $200.00 pursuant to CPLR § 8302(b); (ii) an allowance of $50.00 pursuant to CPLR § 8302(d); and (iii) a discretionary allowance of $300.00 pursuant to CPLR § 8303(a)(1), for a total of $1405.00;

    D.    To the United States of America, the sum of $1,617,010.81 on the 1987 Note and $67,096.62 on the 1988 Note, both of which include unpaid late fees and interest accrued thereon through March 17, 2008, to which a daily accrual rate of $92.25 on the 1987 Note and $3.62 on the 1988 Note should be added until the date of entry of this judgment; and

    E.    the balance, if any, shall be surplus money and shall be disposed of pursuant to a surplus money proceeding, upon such terms as this Court directs; and

6.    The United States Marshal for the Southern District of New York shall promptly file his report of the sale with the Clerk; and

**MISCELLANEOUS PROVISIONS**

7.    Plaintiff, acting through the United States Department of Agriculture, may bid on the auctioned Mortgaged Property at the sale, and in the event that it is the highest bidder, the United States Marshal for the Southern District of New York shall not require the Plaintiff to pay in cash the amount bid at the sale, but shall execute and deliver to Plaintiff a deed to the premises sold; and

8. The purchaser at the sale shall have the right to possession of the premises upon production of the Marshal's deed; and

9. Upon the sale of the Mortgaged Property, each and all of the defendants in this action and all persons claiming under any of the defendants or after the filing of the notice of pendency in this action are forever barred and foreclosed of all right, title, claim, lien, interest and equity of redemption in and to the Mortgaged Property, and each and every part thereof; and

10. Defendants captioned as "JOHN DOES NOS. 1-10" and "JANE DOES NOS. 1-10," not having been served with copies of the Summons and Complaint, are not necessary party defendants, and their names are stricken from all the proceedings and papers hereafter to be filed herein, all without prejudice to this action; and

11. There being no just cause for delay, the Clerk is directed to enter judgment forthwith and to keep this case active until the Mortgaged Property has been sold at auction and the proceeds of said sale are distributed.

Dated: New York, New York
       March **31**, 2008

                                    MONTICELLO NEW YORK VILLAS LIMITED
                                    PARTNERSHIP
                                    Defendant
                          By:       _____
                                    STEVE P. GASKINS, III, General Partner
                                    6257 Old Dominion Drive
                                    McLean, VA 22101
                                    Tel.: 703.821.8300
                                    Fax: 703.556.0422

Dated: New York, New York
     March 31, 2008

                              MICHAEL J. GARCIA
                              United States Attorney
                              Southern District of New York
                              Attorney for the United States

                     By: _____
                              CAROLINA A. FORNOS
                              Assistant United States Attorney
                              86 Chambers Street, 3rd Floor
                              New York, New York 10007
                              Tel.: (212) 637-2740
                              Fax: (212) 637-2702

SO ORDERED:

*William C. Conner*
_____
THE HONORABLE WILLIAM C. CONNER
UNITED STATES DISTRICT JUDGE, S.D.N.Y.

DATED: April 2, 2008
White Plains

[USDC SDNY stamp]

e-COPIES MAILED TO COUNSEL OF RECORD

9